# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                     No. CR 17-1229 RB

ROBERT ARELLANO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

The matters before the Court include the government's motion to exclude argument about the lack of a specific dog fight (Doc. 62), the government's request to strike Mr. Arellano's late filing (Doc. 75), and Mr. Arellano's request for the government to pay his related legal fees (Doc. 86). For the reasons explained below, the Court denies all requests except for the government's motion to exclude illegal argument, which is granted only insofar as to preclude Mr. Arellano from arguing that the existence of a specific dog fight is an element of the charged offense.

## FACTS

The government has charged Mr. Arellano with 13 counts of possessing a dog for the purpose of fighting in an animal fighting venture, in violation of 7 U.S.C. § 2156(b). The parties vigorously debated whether the government should have the burden of proving the existence of a specific animal fight as an element of each charge. During oral argument on the issue, the Court indicated that it was inclined to rule that a specific animal fight was not an element of a § 2156(b) violation (Doc. 66 at 115:6–10), a decision the Court confirmed in its March 5, 2018 Order continuing trial, (*see* Doc. 54 at 1).

Concerned that Mr. Arellano may nevertheless misconstrue the elements of the charged crime to the jury, the government filed a motion in limine to prevent Mr. Arellano from arguing that the existence of a specific animal fighting venture is an element of the § 2156(b) offense. (*See* Doc. 62 at 1.) Three days past his deadline to do so, Mr. Arellano responded, contending that granting the government's motion would impermissibly deprive the jury of relevant evidence. (*See* Doc. 72 at 2.)

The government asked the Court to strike Mr. Arellano's response as untimely or, in the alternative, order Mr. Arellano's attorney to show cause why he should not be sanctioned. (*See* Doc. 75 at 5–6.) The government also clarified that it only wanted to preclude Mr. Arellano from misstating the law, not to prevent him from presenting relevant facts to the jury. (*Id.* at 4–5.) Mr. Arellano fired back, arguing that the government's motion to strike was frivolous and requesting that the government pay for his attorney's fees in responding to the motion. (Doc. 86 at 4.)

**DISCUSSION**

I. *The government does not need to prove a specific fight.*

The Court has confirmed that the government need not prove the existence of a specific fight, but additional explanation may be helpful. Section 2156(b) outlaws possession of an animal "for purposes of having the animal participate in an animal fighting venture." 7 U.S.C. § 2156(b). The question is: does there need to be a specific animal fight, as Mr. Arellano argues, or is it enough that the defendant possessed the animal for the purpose of participating in an unspecified animal fight? To answer this question, the Court looked to other provisions of § 2156. *See Gustafson v. Alloyd Co.*, 513 U.S. 561, 568 (1995) (defining contested language in a manner that can be consistently applied throughout the relevant statute).

Subsection (c) of § 2156 makes it a crime to advertise an animal for use in an animal fighting venture. *See* 7 U.S.C. § 2156(c). Under Mr. Arellano's construction, an individual who runs the following ad: "looking to sell Fido to anyone who needs a fighting dog for her next dog fight" cannot be convicted under this section unless a buyer arranges a specific fight in which to use Fido. And subsection (e) makes it "unlawful for any person to knowingly sell, buy, transport, or deliver in interstate or foreign commerce" a sharp instrument designed to be attached to the leg of a bird for use in an animal fighting venture. *See* 7 U.S.C. 2156(e). Under Mr. Arellano's construction, an individual who sells these prohibited sharp instruments cannot be convicted under § 2156(e) unless a buyer arranges a specific fight in which to use the instruments. Mr. Arellano's theory that there needs to be a specific animal fight, if applied uniformly to the same text throughout § 2156, would render certain provisions of the statute absurdly narrow.

The Court thus declined Mr. Arellano's invitation to require proof of a specific fight. The Government may prove a § 2156(b) offense by showing beyond a reasonable doubt that there is to be some general animal fighting venture for which the dog in question is to participate.

II. *The Court will not strike Mr. Arellano's response.*

When deciding upon the appropriate sanction for a scheduling order violation, a district court should consider three factors laid out in *United States v. Wicker*, 848 F.2d 1059 (10th Cir. 1988): "(1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the other party; and (3) 'the feasibility of curing the prejudice with a continuance.' " *United States v. Yepa*, 608 F. App'x 672, 677 (10th Cir. 2015) (citing *Wicker*, 848 F.2d at 1061). Those three factors are meant only to guide the court, and are not the only possible considerations. *Id.* (citation omitted). For example, a court can suppress non-compliant evidence even when there is no prejudice to the party entitled to disclosure, in order to

3

"maintain the integrity and schedule of the court." *Id.* at 678 (citation omitted). Ultimately, "the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order." *See id.* at 677–78.

Regarding the first factor, the reason for delay, negligence can be sufficient to justify excluding evidence, but "exclusion is ordinarily only appropriate where a party acts in bad faith or lacks any legitimate reason for a delay." *Id.* at 678. Mr. Arellano offered several reasons for his late filing: his filing was consistent with the District's local rules; he believed a continuance on the trial was imminent; and he was busy with other matters. (*See* Doc. 72 at 1 n.1.) These were interesting arguments for Mr. Arellano to make, as he was the one who assured the Court that "[t]he remaining deadlines in the current Scheduling Order will stay unchanged" in his motion to continue the trial. (Doc. 70 at 3.) And as the government notes, none of Mr. Arellano's arguments are convincing: the local rules do not provide safe harbor for scheduling order violations, and Mr. Arellano's workload and subjective belief about the imminence of a continuance are not sufficient to justify an unexcused late filing. (*See* Doc. 75 at 2.) In any event, Mr. Arellano should have made his arguments in a motion seeking permission to enter a late filing, not with the late filing asking for forgiveness. Although there is insufficient evidence to support the notion that the defense was acting in bad faith, Mr. Arellano (or his attorney) was negligent in not complying with the Court's scheduling order.

The next two *Wicker* factors to consider are the prejudice to the government caused by the late filing, and whether a continuance is feasible and can cure the prejudice. *Yepa*, 608 F. App'x at 679. "Typically, prejudice requires that a delay impact the [government's] ability to prepare or present [its] case." *See id.* (citations omitted). And "absent bad faith or a trial already in progress, a continuance is typically the appropriate remedy." *Id.* (citations omitted). The Court

has already continued the trial for reasons stated in its Order Continuing Trial. (Doc. 83.) The government contends that the late filing interrupted its trial preparation and places undue demands on the Court's limited time, (*see* Doc. 75 at 3–4), but any prejudice was likely minimal given the degree to which Mr. Arellano's filing was late (three days), (*see* Doc. 72), and the length of the continuance (over 30 days). And there was no inconvenience to the Court from the late filing.

After considering the three *Wicker* factors, the Court will not strike Mr. Arellano's response or sanction Mr. Arellano's attorney. Any additional late filings after this Opinion could, however, result in sanctions.

III. *The Court will not compel the government to pay for Mr. Arellano's legal fees.*

Mr. Arellano believes the government should pay for his costs in responding to its allegedly frivolous motion to strike. (*See* Doc. 86 at 1–4.) Essentially, Mr. Arellano's argument is that since he was only a bit late—or only a bit in violation of the Court's scheduling order—and because he complied with the local rules, and because nobody got hurt, the government should not have asked the Court to strike his late filing. (*See id.*) As explained, however, a court may sanction a non-compliant party simply "to maintain the schedule and integrity of the court," so the government did not make a frivolous argument. *See Yepa*, 608 F. App'x at 678. If Mr. Arellano would like to stop paying unnecessary legal fees, he should ask his attorney to follow the Court's scheduling order.

IV. *Mr. Arellano can make arguments highlighting any lack of a specific dogfight.*

The parties appear to be talking past each other on the evidentiary value of the lack of a specific dog fight. The government wants to preclude Mr. Arellano from arguing that a specific fight is a necessary element of the § 2156(b) offense. (Doc. 62 at 1.) Mr. Arellano wants to argue that the lack of a specific fight makes it less likely that he possessed a dog for the purpose of

having the dog participate in a fight. (*See* Doc. 72 at 2.) The two positions are not mutually-exclusive: Mr. Arellano is free to stress the absence of a specific animal fight as evidence that he did not keep the dogs for the purpose of fighting, but he may not argue that a dog fight is an element of the charged crime.

## CONCLUSION

For the reasons provided, the Court denies both the government's request to strike Mr. Arellano's late filing (Doc. 75) and Mr. Arellano's request for the government to pay his related legal fees (Doc. 86). The Court grants the government's motion in limine to exclude illegal argument (Doc. 62) to the extent that it precludes Mr. Arellano from arguing that a specific dog fight is an element of the § 2156(b) offense. But Mr. Arellano may emphasize the lack of a specific fight as that fact is probative of the charged offense.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**